Our next case for argument is 24-1337, In Re. X-Fab Semiconductor Foundries. Ms. Al-Raj, will you proceed? Good morning, Your Honors. May it please the Court, Alana Raj on behalf of Appellant X-Fab. X-Fab requests that the Court reverse the Board's decision rejecting the pending claims as obvious over Nakahata in view of Wiston based on two deficiencies in the obviousness analysis. The first is that substantial evidence does not support the Board's finding that the Nakahata-Wiston combination discloses a trench isolation region in Nakahata's starting substrate, and this is because the record does not reflect or does not contain any findings regarding the material of Nakahata's carrier substrate. I think that the problem the government argued was that you didn't raise this issue below, and so therefore it's forfeited. So you can't expect the Board to make a fact-finding on something you didn't raise. So where precisely did you raise it? Why don't you show us where it was raised in the actual briefing? Sure. So with respect to the forfeiture issue, generally speaking, and under the Medtronic-Teleflex case that we cite in our briefing, the Court has stated, as you know, that the exact phrasing of the argument does not have to be used below so long as it can be said that the Tribunal was fairly put on notice as to the substance of it. But can you answer Chief Judge Moore's question of when is to where in the record you can see this argument was raised below? Give us specific J.A. pages. Sure. So if you turn to Appendix number, and I'm going to pull it up, the first one I'll point you to, Your Honors, is 702 and 703. And this is in EXFAB's appeal to the Board. And in there on page 702, right off the bat, it says, indeed, there's no disclosure of the trench isolation regions formed by local oxidation of the semiconductor material of the carrier substrate. And so there, right off the bat, it's raised in the appeal to the Board. Then turning to page Appendix 708, that's page 14 of our appeal brief, there's the heading right off the bat again. The proposed combination does not disclose the claim trench isolation. I'm sorry, what was the second page? I'm sorry, Appendix page 708. And so that's where we get into the argument in further detail and discuss how the proposed combination of the Nakahata-Wiston combination doesn't disclose the claim trench isolation region. But there's a difference between saying it doesn't disclose the trench isolation regions and saying it doesn't have a non-silicon starting substrate. So where is that? Sure. So I think that the main point here, Your Honors, is that we have continuously raised to the Board, both during prosecution and also during, in the appeal, and I think another great reference point would be, for example, on page, this is 778, and this is in our request for rehearing, where the entire basis of the request for rehearing, Your Honor, is that no, and this is from page 778 in the appendix, nowhere in the decision did the Board find that either Nakahata or Wiston, a loner in combination, disclosed the claim trench isolation regions. And then we emphasized what was in our appeal brief, this is on page 779 at the bottom, we said, as Appellant explained, the trenches must extend into the semiconductor material of the carrier substrate. And so the only carrier substrate, Your Honors, that's in the record... Not one of those references that you quoted deals with the specific point that you're raising now, right? You're trying to say, well, we raised a general argument about it's the combination not showing the trench or whatever, but you never raised the silicon substrate issue. So, Your Honors, while the terms... Isn't that right? So the term silicon is, yes, the term silicon is not raised directly, but we think that the Board was fairly put on notice of this issue in particular. And if you look to... How would it be put on notice of this issue in particular if it was not raised directly? So we continuously raised that Nakahata does not disclose that there's a trench isolation region extending into the substrate. And then again, was raising that Wiston does not disclose a trench isolation region, and that Wiston's LOCUS region, and LOCUS stands for Local Oxidation of Silicon, does not extend into the carrier substrate. And so we think based on the continuous raising of that, and I think, Your Honors, also if we look at page three of the brief, the reply brief, it's telling us to how the Board responded to our argument, I think. So we argued, for example, that Wiston's LOCUS regions, and this is on appendix page 780, we argued that Wiston's LOCUS regions do not extend into the carrier substrate. Again, the only carrier substrate that's identified in the record in particular is the carrier substrate of Nakahata. And so we're arguing about that, and then we... So we say, therefore, these LOCUS regions are not trenches. The Board addressed this very issue in its decision on rehearing, and made several findings as to what the combination discloses, and said, look, what the examiner found and what the Board affirmed is that the combination is that the LOCUS region is replacing the mask that is on Nakahata's substrate. And so the Board did address and make findings as to the combination, and so we think the Board was fairly put on notice under the forfeiture law as to the issue that we're raising here today. And, you know, Your Honors, just on a further note there, we, of course, do not think that there's forfeiture, but there is discretion if you do find forfeiture, and we think you should use your discretion if you do find forfeiture in order to address this issue, given that in order for there to be a proper obviousness rejection, there has to be a prima facie case. And we just don't believe that is shown here because there's no... If we find there's forfeiture, you want us to use our discretion to reach fact issues the Board didn't reach because you didn't raise them? What a reference discloses and teaches is a question of fact. Public courts don't do that. We don't use forfeiture to decide fact issues. So we're not asking you to decide a fact issue, we're asking you to use your discretion to decide a fact issue, it's to determine whether there's any finding... Whether Nakahawa discloses a silicon substrate embodiment. If you didn't raise it, you forfeited it, it's not surprising there's not a finding by the Board. So then the next step would be, does Nakahawa decide, disclose a silicon substrate embodiment? That is a quintessential question of fact. And by the way, if I reach it, I'm going to find it does. Let me give you a couple paragraphs. How about paragraph 73, 176, 181, and 202, where Nakahawa discloses it all over the place. If the Board needed to, it could have easily pointed to any of these paragraphs to satisfy the concern you're raising on appeal. You're right. They didn't point to these paragraphs because you didn't raise the issue, but if they did raise the issue, I feel like you would have lost on the merits pretty clearly. So what exactly is it you want me to do, I don't understand. So I think we disagree that there would, of course, be a finding that Nakahawa does disclose the silicon substrate, and the reason being necessarily discloses. And I think that's what we're trying to communicate here, Your Honors, is that there's no finding that this is all based on, the entire thing is based on an assumption, the entire obviousness analysis is based on an assumption. And so, and it's not necessarily true. What do you want us to do, to remand to the Board to consider this issue, which you didn't raise in the first place? Well, you know, I think it's not just this issue, though, because we have two issues. No, no, what do you want us to do? We're asking... Do you want us to decide the issue, as a matter of fact, or do you want us to remand, or what do you want? We're asking for a reversal because of, and not just on this issue, but also on the motivation to combine issue. Okay, so turning to that issue, can you point us to where in your briefing before the Board you challenged the motivation to combine issue that you're raising on appeal here? So we challenged it in, and I'll again turn to page 702 of the appendix, where that's our appeal brief, and in that appeal brief, right off the bat, we talk about hindsight. And this is hindsight that we have continuously raised to the examiner on multiple occasions, and then again raised it in our appeal brief. And it just was not addressed. What ended up happening is that in the decision on appeal, the Board adopted the examiner's  There were two very conclusory findings that both touch on hindsight. The first one is that the examiner essentially just says it's disclosed, and I think a good example of this, Your Honors, in the appendix is on pages 745 and 752. When you're in 745 in the appendix, you will see, and I, okay, in 745 in the appendix, you're going to see where the examiner is walking through in its examiner's answer the basis for the obviousness combination, and actually, I apologize, it's 743. And as you can see, as the examiner walks through the combination, what the examiner does is then ends with, look, Wiston discloses the trench isolation region, and does not actually make a connection between disclosing the trench isolation region and anything with respect to Nakahata. And then, if you turn to page 752, Your Honors, in the appendix, right there, the examiner expressly says and compares the Wiston and the choice of choosing Wiston and the locust to the same process used by applicant that's in the middle of page 752. And so our hindsight argument is directly reflective of what was going on during prosecution. These are repeats of what was happening during prosecution, and it was not addressed at all by the board. And then the other issue here, Your Honor, is the only other thing that the examiner raised was locust. And there's nothing to substantiate locust alternative in the record, and in fact, the only thing in the record that actually says anything about locust is if you were to go to page 202 of the appendix, it's the very last sentence, and this is in the applicant's specification, is that's the only place it refers to locust, and it's with respect to what applicant is doing. So we think there's a hindsight issue here that had been raised several times. The board, the examiner maintained the same two conclusory bases for the, what's it called, for the motivation to combine, and we think that it's just not supported by substantial evidence. And with that, I'll hold the remainder of my time for rebuttal. Ms. Lateef? Good morning, Your Honor. May I please support Monica Lateef on behalf of the director of the USPTO? Based on the conversation that was had with my co-counsel, I just want to reiterate that both of these positions that EXPAD is presenting have, in fact, been forfeited, but to touch a little bit, because Chief Judge Moore sort of pointed out that the silicon is shown in the specification for WisDEN, and so I think, if I could, I'd like to focus my argument on what's going on with the motivation to combine, if there are no questions on that piece. So with respect to the motivation to combine, we also say that that was a forfeited argument. If you look at the argument that EXPAD presented, they talked about hindsight, but they never actually gave a reason why there was something wrong with the low-cost finding, nor did they give a reason why there's something wrong with replacing the deposition of Nakahata with the local oxidation of WisDEN. You can't just say, we disagree with this motivation to combine as the applicant. You need to look at what the examiner's rejection is and say, well, you made this finding, this is why this finding is wrong. Instead, they just came and said, well, there's a hindsight issue, and in making that hindsight argument, what they actually argued was the missing limitation. It's couched as though it's a motivation problem, but if you actually read the words in that section, they're saying there's a problem with hindsight because it's lacking the trench isolation regions. It's never really addressing motivation. That is why we believe that was a forfeited argument. As a result, this is not something that this Court can consider. We would ask that you affirm the Board's decision. If there are no questions... Thank you, Mr. Chief. So, turning back towards the forfeiture issue and why we think that... Can you respond to the specific argument that was just made in terms of the hindsight areas that you pointed to really are not talking about motivation by? Sure. So, we think in general when referring to hindsight that that is, in effect, referring to motivation to combine because what that's saying is that the motivation to combine is not permissible because all it's doing is looking back towards what is happening in the application itself and not... Do you agree with what opposing counsel said in terms of the hindsight argument being focused on a missing limitation as opposed to being focused on motivation to combine? I don't agree that it was focused on a missing limitation. I think that the way that it was raised in general and if we turn, for example, to page 703 and 702 of the appendix, we say that under the hindsight, we say there's no disclosure and that the only way that there can... Of the trench isolation regions and that the only way that there can be disclosure of the trench isolation region in the prior art is the only logical jump, as we say, is by reliance on the disclosure from the specification, which is improper. And so, I don't think it's focused on a missing limitation.  It's not tied to motivation. Your hindsight argument. I mean, I think that in general, raising hindsight would necessarily tie it to motivation to combine. Do you have any case law to support what you're saying? I don't believe there's any case in the record on that point, Your Honor. And unless Your Honors have any other questions. Okay. Thank you both counsel. This case is taken under submission. Thank you.